FRANK J. PRENTISS

*v.*

STATE OF ILLINOIS.

*Opinion filed December 19, 1908.*

1. PRACTICE—*statute.* The Court of Claims is required to hear claims according to its rules and established practice and determine the same according to the principles of equity and justice.

2. SAME—*rules of.* Every claimant, in addition to stating the facts upon which his claim is based, must state, first: Whether the same has ever been presented to any State department or State officer, and, if so, when, and to what department or officer and what action has been taken thereon; second: Whether the claim has been assigned or not, and, if assigned, to whom and the date of such assignment, and if other persons are interested in the claim, their names must be stated.

George E. Dawson, for Claimant.
W. H. Stead, Attorney General, for State.

The said Frank J. Prentiss filed his claim on the 23rd day of April, A. D. 1908, with the Auditor of Public Accounts of the State of Illinois, which claim by leave of Court was amended. The Attorney General of the State of Illinois plead the general issue to the said claim and amendment. Claimant filed depositions in support of his claim. The said cause was argued orally by the attorneys before the Court.

Claimant says in his amended statement of claim: "Petitioner files herewith a claim for damages for injury to one bay gelding, caused by improper use of same by Captain Alsip's troop, First Cavalry of the Illinois National Guard, at the encampment at Springfield, Illinois, in August, 1906, in the sum of four hundred fifty ($450.00) dollars, and makes a statement of facts upon which the said claim is based, as follows:"

In the following seven paragraphs the petitioner alleges definite and indefinite damages of various kinds incident to the injury of the said horse, aggregating an indefinite sum considerably in excess of the said four hundred fifty ($450.00) dollars.

It is sufficient here to say, that the claimant seeks to recover damages for an alleged injury to his horse, a bay gelding, caused by improper use while in the service of Captain Charles H. Alsip's troop, First Cavalry Regiment of the Illinois National Guard, at the encampment at Springfield, Illinois, in August, 1906. It is urged that a person purporting to be Captain Charles H. Alsip, of the First Cavalry Regiment of the Illinois National Guard, secured by written order from claimant for the use of his troop at the occasion of the State Encampment, six horses, adapted to the cavalry service, and that the said horses were to be returned in good condition. The horse alleged to have been injured was one of the said six horses.

It does not appear from the statement of claim or the record, whether this claim has been presented to any State department or State officer, and if it has been presented to any State department or State officer, the said statement of claim or the record does not state what action has been taken or had thereon. It does not appear from the statement of claim or the record, whether this claim has been assigned or not, and if assigned, to whom, nor the date of such assignment and the names of any other person who may be interested therein.

Under the statute of the State of Illinois, it is the duty of the Court of Claims to hear claims according to its rules and established practice and determine the same, as provided for by law. The Court is therefore of the opinion, that the claimant has not complied with Rule 4 of the rules of the Court of Claims of the State of Illinois, adopted, filed and in full force and effect December 16, 1906. The rule is as follows:

"Every claimant shall state that the claim has never before been presented to any State department or State officer, or if it has been, shall state when and to what department or officer, and what action has been had thereon. Every claimant shall further state whether said claim has been assigned or not, and if

assigned, to whom, the date of such assignment and the names of any other persons who may be interested therein. If the claim be for lands permanently or temporarily appropriated or damaged by the State, the declaration shall state the amount and location of the land and specific description thereof. A bill of particulars, stating in detail each item and the amount claimed, shall be attached to said declaration and made a part thereof.''

It does not appear from the statement of claim or from the record, that this claim has been presented through proper military channels to the Adjutant General of the State of Illinois for consideration, as is provided for by the rules and regulations of the Illinois National Guard.

Claimant urges that the said horses were delivered on a written order to a person purporting to be Captain Charles H. Alsip. The claimant in his testimony says he did not preserve this order; that he gave it to somebody at 525 North Clark street, and that they never gave it back to him, and that he tried to get it back. It does not appear to whom claimant gave this order or when and where any effort was made to recover it. If the said claim accrued by virtue of a contract, a copy of such contract should appear in the record of this case.

Hurd's Revised Statutes of the State of Illinois, section 5, page 697.

It appears to the Court that there is insufficient proof in the record that the claimant had his said alleged dealings with an authorized agent of the State of Illinois, through the regular military channels.

If the said Captain Charles H. Alsip was an officer, as alleged, and duly authorized by law through military orders to contract with claimant with reference to the matters referred to herein, it is not established by the record in this case, and if the said matters are true, as alleged, they are easily susceptible of proof.

It does not appear to the Court from a careful examination of the record, that this claim or any part thereof, accrued by authority of law.

"The General Assembly shall never grant or authorize * * * the payment of any claim, or part thereof, hereafter created against the State under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void, * * * ."

Constitution of 1870, article IV, section 19.

We do not deem it necessary to continue this argument at any greater length.

In consideration of the reasons above set forth, the claim is dismissed, without prejudice, however, to its presentation and prosecution before the proper department.